## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **GARY & TAMMY SPRENG**<br>1033 Shady Lane<br>Ashland OH 44805-4555<br><br>        Plaintiffs,<br>  v.<br><br>**GLOBAL CREDIT & COLLECTION CORPORATION**<br>c/o Phillips Lytle, LLP<br>1 HSBC Center<br>Suite 3400<br>Buffalo, New York 14203-2834,<br><br>        Defendant. | ) Case No:  1:12-cv-2701<br>)<br>) JURY DEMAND REQUESTED<br>)<br>) **CIVIL COMPLAINT**<br>) **(Unlawful Debt Collection Practices)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

PLAINTIFFS, Gay and Tammy Spreng (Plaintiffs), by their attorneys, KAHN AND ASSOCIATES, L.L.C., alleges the following against DEFENDANT, Global Credit & Collection, Corporation (Defendant):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiffs are each a natural person who reside in the city of Ashland, Ashland County, Ohio and is allegedly obligated to pay a debt, and Plaintiffs are each a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a New York Corporation and debt collector with an office in Williamsville, New York.

8. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant places telephone calls to Plaintiffs from number 877-295-9643 in an attempt to collect an allegedly due and owing consumer debt.

11. Plaintiffs have entered into a monthly payment agreement with Defendant, yet Defendant places collection calls to Plaintiffs on a daily basis, and sometimes calls multiple times in the same day, seeking more money from the Plaintiffs.

12. Defendant places these frequent and excessive collection calls with the intent of annoying or harassing the Plaintiffs, especially in light of the repayment agreement pursuant to which Plaintiffs are making payment.

13. Plaintiffs have requested that Defendant send a written verification and validation of the debt by mail, yet Defendant has refused to do so.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

14. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. Defendant violated *§1692d(5)* by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c. Defendant violated *§1692e(10)* by the use of any false representation or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer.

    d. Defendant violated *§1692f* by using any unfair or unconscionable means to collect or attempt to collect a debt.

    e. Defendant violated *§1692g(a)* by failing within five days of the initial communication with the consumer to send the consumer a written notice stating (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty

days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiffs, Gay and Tammy Spreng, respectfully request judgment be entered against Defendant, for the following:

15. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

16. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

17. Any other relief that this Honorable Court deems appropriate.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs, Gay and Tammy Spreng, request a jury trial in this case.

> Respectfully submitted,
>
> **KAHN & ASSOCIATES, LLC**
>
> */s/ David W. Skall*
>
> **DAVID W. SKALL (0068740)**
> dskall@kahnandassociates.com
> 6200 Rockside Woods Blvd., Suite 215
> Cleveland, Ohio 44131
> 216.621.6101 Telephone
> 216.621.6006 Facsimile
>
> Attorney for Plaintiff